JONES v. ROBERTS & Tr.

A wife may be charged as trustee of her husband.

The principal defendant, in an action of foreign attachment, is not entitled to notice of the taking of the deposition of the trustee.

FOREIGN ATTACHMENT. The trustee is the wife of the principal defendant. Her deposition as trustee was taken by the plaintiff upon due and legal notice to her, but without notice to the principal defendant or his attorney. Two questions are reserved: (1) whether the wife can be charged as trustee of her

husband; (2) whether her deposition was taken upon such notice as to be admissible.

*C. W. Sanborn,* for the plaintiff.

*Copeland,* for the defendant and trustee.

CLARK, J.   A wife may be charged as trustee of her husband. *Bank* v. *Clark, Tr.,* 46 N. H. 134; *Clough* v. *Russell & Tr.,* 55 N. H. 279.   The principal defendant, in an action of foreign attachment, is not entitled to notice of the taking of the deposition of the trustee.

Under the Revised Statutes, in force until the enactment of the General Statutes in 1867, a trustee was allowed the aid of counsel in preparing his answers and making his disclosure.   *B. & M. Railroad* v. *Bank,* 27 N. H. 455.   By the General Statutes the mode of taking the trustee's disclosure was changed, and provision made for taking it in the form of a deposition.   By Gen. Sts., c. 230, s. 7, the plaintiff might, before the return day of the writ, summon the trustee, and pay or tender him his fees as a witness to give his deposition without any previous notice; and by section 8, the trustee might give notice to the plaintiff or his attorney that he would attend at a time and place named to give his deposition. Under this statute, it was held that the trustee was not entitled to consult counsel in giving his deposition *(Morrison* v. *Annis & Tr.,* 48 N. H. 286), nor the principal defendant entitled to notice of the taking of the deposition of the trustee.   *Morrison* v. *Barker & Tr.,* 50 N. H. 529.

In 1876 the statute relating to taking trustees' disclosures was changed, and enacted in its present form as follows: "Disclosures of trustees may be given or taken by any party to the action, at any time after the service of the writ upon the trustee, upon such notice to the adverse party as is required in taking depositions, and upon the payment or tender to the trustee of his fees for travel and attendance, as in case of witnesses."   Laws 1876, c. 7, s. 2; G. L., c. 249, s. 9.   By this statute, notice is required to be given to the adverse party.   If the principal defendant is the adverse party, he is entitled to notice, otherwise no notice to him is required.

Foreign attachment is in some sense and for some purposes a single, joint process.   A judgment against the trustee may affect the title of the defendant's property in the trustee's hands.   G. L., c. 248, s. 43; *Melven* v. *Darling,* Smith (N. H.) 74, and notes; *Puffer* v. *Graves,* 26 N. H. 256, 258; *Woods* v. *M. Institution,* 58 N. H. 184; 1 Greenl. Evid., ss. 542, 543; *Hunt* v. *Hunt,* 72 N. Y. 217, 237.   But for some purposes it is two actions, one against the defendant and another against the trustee.   *Ingraham* v. *Olcock & Tr.,* 14 N. H. 243; *Wallace* v. *Blanchard, Tr.,* 3 N. H.

395; *Puffer* v. *Graves, supra.* The two actions raise different questions, on different pleas, determined by different judgments between different parties.

The principal defendant is not, in any ordinary or usual sense, a party to the issue between the plaintiff and the trustee, or between the plaintiff and a claimant of the funds in the hands of the trustee; and there is no provision of the statute relating to his connection with such controversy, except that he may be compelled to testify in certain cases (G. L., *c.* 249, *ss.* 15, 18), and in such cases he is entitled to fees as a witness. *Hurd* v. *Fogg & Tr.,* 22 N. H. 98. He is not bound by a judgment discharging the trustee on his disclosure. The principal defendant has no such necessary legal interest in the controversy between the plaintiff and the trustee as to make him the adverse party within the meaning of the statute.

The statute provides that the deposition of the trustee may be taken at any time after the service of the writ upon him; consequently it may be taken before service upon the principal defendant;—and it must be so taken in all cases where personal service cannot be made upon the defendant, because, unless it appears that the trustee has funds of the principal defendant in his hands, the court has no jurisdiction to order notice of the pendency of the suit by publication. A construction of the statute requiring notice to the defendant in such cases might prevent the attachment of the funds of non-resident debtors in the possession of trustees residing in this state.

*Case discharged.*

FOSTER, J., did not sit: the others concurred.